IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GUSTAVO OLMETA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HYLIION HOLDINGS CORP., THOMAS HEALY, AND JON PANZER,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:26-cv-02375-DAE<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT KHALIL ALTAMIMI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>CLASS ACTION |

Movant Khalil Altamimi ("Movant"), through counsel, hereby moves the Court pursuant to Section 21D of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order:

(a) appointing Movant as Lead Plaintiff in this action; and

(b) approving Movant's selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel and Condon Tobin Sladek Sparks Nerenberg PLLC ("Condon Tobin") as Liaison Counsel for the litigation and all subsequently filed related litigations.

In support of this Motion, Movant submits: (1) a Memorandum of Law dated October 27, 2026; (2) Appendix Accompanying Movant's Motion, dated October 27, 2026; and (3) a [Proposed] Order Appointing Movant as Lead Plaintiff, and Approving Movant's Selection of Counsel.

The Court is to appoint the Lead Plaintiff to oversee the prosecution of the action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Only Class members that either filed a complaint or a motion by the statutory deadline are eligible to be appointed as Lead Plaintiff. *See* 15 U.S.C. §

78u4(a)(3)(B)(iii)(I)(aa). Movant has the "largest financial interest in the relief sought by the class" and is therefore the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure and is perfectly situated to represent all Class members. Further, Movant understands the lead plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake the responsibilities entailed in serving as Lead Plaintiff to guarantee the vigorous prosecution of this action.

Movant further requests that the Court approve its selection of Rosen Law as Lead Counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Rosen Law has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

Movant respectfully requests that the Court: (i) appoint Movant as Lead Plaintiff; (ii) approve Movant's selection of Rosen Law as Lead Counsel for the Class and Condon Tobin as Liaison Counsel for the Class; and (iv) grant any such further relief as the Court may deem just and proper.

## CERTIFICATE OF CONFERENCE

Local Court Rule CV-7(g) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Court Rule CV-7(g) be waived.

## INTRODUCTION

Movant Khalil Altamimi ("Movant"), respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) appointing Movant as Lead Plaintiff for the class of all purchasers and acquirers of the common stock of Hyliion Holdings Corp. ("Hyliion" or the "Company") between May 12, 2026, and June 23, 2026, inclusive (the "Class Period"); and

(b) approving Movant's selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel for the Class and Condon Tobin Sladek Sparks Nerenberg PLLC ("Condon Tobin") as Liaison Counsel.

## BACKGROUND

The first-filed substantially similar action styled as *Draftz v. Hyliion Holdings Corp., et al.*, case no. 1:26-cv-02369-ABD (W.D. Tex.) (the "*Draftz* Action"), was filed on August 28, 2026, in this District against the Company, Thomas Healy, and Jon Panzer ("Defendants") for violations of the Exchange Act. That same day, Rosen Law, issued an early notice pursuant to the PSLRA was published advising class of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to timely seek appointment as Lead Plaintiff. *See* Exhibit 1 to the Appendix filed herewith (the "App."). On September 11, 2026, the *Draftz* Action was voluntarily dismissed. On September 15, 2026, the *Draftz* Action was closed.

Also on August 28, 2026, this action was filed alleging substantially similar allegations against the same Defendants covering the same Class Period.

Defendant Hyliion designs and develops power generators for stationary and mobile applications. Its primary product includes the KARNO Power Module, a fuel-agnostic power generating solution, which enables distributed power generation using conventional fuels, waste fuels, and zero carbon fuels.

According to the complaint, throughout the Class Period, Defendants made false and/or misleading statements. Specifically, Defendants created the false impression that they possessed reliable information pertaining to the Company's commercial strategy and quality of its announced pipeline and remained confident in its growth prospects for fiscal year 2026, while omitting material facts concerning the credibility and commercial viability of its "new data center partnership" with VFG Holdings ("VFG") over the next five years, representing approximately one-third of Hyliion's more than $400 million in disclosed potential revenue. In truth, Hyliion failed to disclose material information concerning the basis of its VFG partnership, including whether VFG possessed the operational capabilities, financial resources and development experience to support the deployment of up to 250 KARNO Cores.

Then, on June 23, 2026, Pelican Way Research published a research report on Hyliion (the "Report") questioning the credibility of the Company's commercial pipeline, in particular its letters of intent ("LOI") with VFG Holdings which represented approximately $133 million in potential revenue, roughly one-third of Hyliion's reported $400 commercial pipeline. The Report stated that Pelican Way believed the announced LOI with VFG "is a sham because the counterparty (VFG Holdings, or legally VFG Tech Holdings, LLC) does not appear to have any substance." Based on their findings, Pelican Way Research discovered that VFG was a newly formed entity, only recently incorporated on January 5, 2026, and appeared to have only "4 employees" while maintaining a "barely functioning website." The Pelican Way Research

report concluded that Hyliion's purported commercial pipeline, specifically the LOI with VFG, was materially overstated and the Company failed to disclose material information regarding VFG's ability to support the proposed $133 million opportunity.

On this news, the price of Hyliion stock fell $1.27 per share, or 17%, to close at $6.10 on June 23, 2026. The following day, Hyliion stock fell a further $1.18 per share, or 19%, to close at $4.92 on June 24, 2026.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that he is willing to serve as representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* App., Exhibit 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

"While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D.

Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig*., 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $62,632 in connection with his purchases of Hyliion common stock. *See* App., Exhibit 3 (Movant's Loss Chart). Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is

---

[1] *Lax v. Merch. Acceptance Corp*., 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "[f]or purposes of selecting a lead plaintiff in securities class actions, the typicality and adequacy requirements of Rule 23 'are the only relevant provisions' the court must examine." *Pang v. Levitt,* No. 1:22-cv-1191-LY, 2023 WL 11999259, at *2 (W.D. Tex. Mar. 7 2023) (internal citation omitted).

As herein demonstrated, Movant fulfills all the requirements of Rule 23.

**1. Movant's Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims "share the same essential characteristics of the putative class," and "arise from a similar course of conduct and share the same legal theory." *See In re Cassava Scis. Inc. Sec Litig.,* 342 F.R.D. 413, 417 (W.D. Tex. 2022) (internal citation omitted); *see also In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the claims of members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning Hyliion and its business. Movant, as well as other members of the class, purchased Hyliion common stock at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Movant's interests are closely aligned with other Class members' interests, are, therefore, typical of other members of the Class.

**2. Movant Is Adequate**

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. He is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Company securities and is, therefore, extremely motivated to pursue claims in this action.

**D. Movant Is Presumptively the Most Adequate Plaintiff**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interests of the class; or
>
> (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the class. The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Having suffered financial losses and

having the largest interests in this case of any timely movant, the Court should appoint Movant as Lead Plaintiff for the class.

Further, Movant resides in Saudi Arabia, has five (5) years of investing experience, and is currently a student.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Robison v. Digital Turbine, Inc.,* No. 1:22-cv-00550-DAE, 2022 WL 17881476, at *8 (W.D. Tex. Dec. 19, 2022).

Movant has selected Rosen Law as Lead Counsel and Condon Tobin as Liaison Counsel. The firms have been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants and initiating the *Draftz* Action. Furthermore, the firms have an extensive history of bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* App., Exhibits 4-5. The firms have prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's

selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (a) appointing Movant as Lead Plaintiff of the class; (b) approving Rosen Law as Lead Counsel and Condon Tobin as Liaison Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: October 27, 2026

Respectfully submitted,

**CONDON TOBIN SLADEK SPARKS NERENBERG PLLC**

*/s/ Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
8080 Park Lane, Suite 700
Dallas, TX 75231
Telephone: (214) 265-3804
Fax: (214) 691-6311
Email: scochran@condontobin.com

*[Proposed] Liaison Counsel for Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen, Esq. (*pro hac vice* application forthcoming)
Phillip Kim, Esq. (*pro hac vice* application forthcoming)
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: philkim@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

## CERTIFICATE OF CONFERENCE

Local Court Rule CV-7(g) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Court Rule CV-7(g) be waived.

*/s/ Stuart L. Cochran*
Stuart L. Cochran

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran